**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4034**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

KEYO JENNINGS,

 Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00595-PMD-1)

Submitted:  November 18, 2010      Decided:  November 29, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keyo Jennings pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to 120 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious grounds for appeal. The Anders brief nonetheless indicates that the issues raised by the appeal include whether: (i) the district court erred when it found that Jennings possessed the subject firearm in connection with another felony offense; (ii) the district court complied with Fed. R. Crim. P. 11 when it accepted Jennings' guilty plea; and (iii) Jennings' 120-month sentence is reasonable. Jennings has filed a pro se supplemental brief raising several issues, including whether the district court correctly calculated his Guidelines range. The Government has declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Rule 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Jennings' Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Jennings' plea was knowingly, voluntarily, and intelligently

2

made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Jennings' conviction.

We also affirm Jennings' sentence. Jennings' presentence investigation report properly placed him in a category V criminal history and attributed him with a total offense level of twenty-five, yielding a Guidelines range of 100 to 125 months in prison.[1] Because the statutory maximum sentence applicable to Jennings' conviction was ten years, however, Jennings' Guidelines range was appropriately calculated at 100 to 120 months in prison. See 18 U.S.C. §§ 922(g)(1), 924(a)(2).

At sentencing, the district court afforded counsel an opportunity to argue regarding an appropriate sentence, afforded Jennings an opportunity to allocute, considered the 18 U.S.C. § 3553(a) (2006) factors before imposing Jennings' sentence, and adequately explained its rationale for imposing Jennings' particular sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must

---

[1] We conclude that the district court correctly applied the four-level enhancement to Jennings' offense level, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2008), based on the Government's evidence that Jennings possessed the firearm and ammunition in connection with his commission of another felony offense. Jennings' assertion to the contrary, the district court appropriately granted Jennings a three-level reduction in his offence level based on his acceptance of responsibility, in accordance with USSG § 3E1.1 (2008).

"place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citations omitted). Because this court presumes Jennings' within-Guidelines sentence is correct, and since Jennings has presented no evidence to rebut this presumption, we affirm Jennings' 120-month sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[2] We therefore affirm the district court's judgment. This court requires that counsel inform Jennings, in writing, of the right to petition the Supreme Court of the United States for further review. If Jennings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jennings. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2] We have considered the remaining arguments raised by Jennings in his pro se supplemental brief and find them to be without merit.

4

materials before the court and argument would not aid the decisional process.

AFFIRMED